**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DALVIN DEAN CANDLER,                                                                    PLAINTIFF
ADC # 91778

v.                                          4:10-cv-01555-BRW-JJV

AARON DUVALL, Sheriff, Pope County;
and JAMES LINKER, Supervisor, Pope
County Detention Center                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff, Dalvin Dean Candler, is an inmate in the East Arkansas Regional Unit (EARU) of

the Arkansas Department of Correction (ADC).  He filed a *pro se* Complaint (Doc. No. 2) pursuant

to 42 U.S.C. § 1983, alleging that, while off-site from the ADC for a September 13, 2010 court

appearance in Pope County, the Defendants were deliberately indifferent to his serious medical

needs.

## I.      ANALYSIS

*Pro se* litigants are required to follow the same rules of procedure, including the local court

rules, that govern other litigants.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Jarzynka*

*v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004).  Local Rule 5.5(c)(2)

requires a *pro se* plaintiff to "promptly" notify the Clerk of any change in his or her address.

On March 8, 2011, the Court entered an Order (Doc. No. 4) granting Plaintiff's Motion for

Leave to Proceed *In Forma Pauperis* and the Clerk of the Court mailed a copy of the order to

Plaintiff at EARU.  (Doc. No. 5).  However, on March 28, 2011, the Court received notice that the

March 8 Order had been returned as undeliverable.  (Doc. No. 6).  The next day the Court learned

2

that EARU has a policy of returning an inmate's mail when the inmate is off-site for court activities

and that Plaintiff was currently off-site in "Greene County."  While attempting to locate Plaintiff at

the Greene County, Arkansas, Detention Center, the Court learned that Plaintiff was actually at the

Green County Justice Center in Springfield, Missouri.  The Court then mailed a letter to Mr. Candler

dated May 26, 2011, informing him that per the Court's Local Rules, he was required to notify the

Clerk and other parties to this action of any change in his address.  Plaintiff has since failed to file

such notice.  The Court recommends that Plaintiff's Complaint (Doc. No. 2) should be DISMISSED

without prejudice for failure to comply with Local Rule 5.5(c)(2).

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for

failure to comply with Local Rule 5.5(c)(2).

2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an order adopting these recommendations and the accompanying judgment would not

be taken in good faith.

DATED this 22nd day of July, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE